Submitted January 17, affirmed March 8, 1961

FORSTER *v.* KNAPPLE ET AL

360 P. 2d 311

Philip A. Levin, Portland, for appellant.

Horn & Slocum, Roseburg, for respondents.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

This was an action for damages plaintiff alleged that she sustained by reason of defendants' failure to perform a contract to farm plaintiff's land. The complaint alleged the contract in this language:

> "That it was understood and agreed between said parties that the Defendants would do all work perform all labor and furnish and operate all machinery necessary for operating said ranch in accordance with good, accepted and standard ranching and farming practices in Douglas County, Oregon, and that otherwise the expenses of the operation of the same would be divided between said parties with the Plaintiff paying 50% thereof and the Defendants paying 50% thereof, and that the income would be divided upon the same basis."

Defendants denied the violations and filed a counterclaim for damages they claimed to have sustained. The counterclaim is now unimportant. The trial court denied defendants' motion for a directed verdict. The jury returned a verdict for plaintiff. Thereafter the court entered a judgment n.o.v. Plaintiff appeals.

In his memorandum deciding the motion for judgment n.o.v. the trial court said:

> "This case is a strange, rare and unusual situation, stemming almost entirely from the inherent vagueness, uncertainty and incompleteness of the commercial dealings between the parties. After a thorough consideration of all of the aspects of the defendants' motion herein, I am unwillingly forced to the conclusion that, at least, some of the defendants' contentions are well taken and that the verdict and judgment entered thereon must be set aside. The reasons for this determination are set out hereafter.
>
> "A careful review of the plaintiff's evidence leads to the alternative conclusion that either there was no and could not have been any meeting of the minds between these parties or, if there was such a meeting of the minds, it was upon an agreement completely and materially different from that alleged in the complaint. I am convinced that the alternatives mentioned are matters on which

reasonable minds, taking the testimony as a whole, cannot differ. If either alternative is true, then plaintiff's case is fatally defective and a judgment based thereon must be set aside.

"The plaintiff's testimony is so inherently self-contradictory that when one contradiction is set off against the others, her testimony can have rightfully no force whatsoever.

\* \* \* \* \*

"\* \* \* I am not unmindful of the fact that judgments notwithstanding the verdict are allowed only in clear cases. However, in my opinion, this is a classic example of such a clear case."

We agree with the trial court. Judgment affirmed.